UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------x
LARRY S. FRANKEL, AS LEGAL
GUARDIAN FOR JEROME FRANKEL, et al.,     NOT FOR PUBLICATION
                                          **MEMORANDUM & ORDER**
        Plaintiffs,                     06-CV-439 (CBA) (RER)

  -against-

JAMES B. COLE et al.,

        Defendants.
------------------------------------------------------------x
AMON, Chief United States District Judge:

    Before the Court is the July 14, 2011 pre-motion letter of non-parties Bernard Gelb and his company, Unclaimed Property Recovery Services, Inc. ("UPRS"). They ask for leave to file a motion to intervene in the above-captioned case for the purpose of protecting their interest in any attorneys fees awarded to counsel for the plaintiff class. The request to move is denied as futile.

## BACKGROUND

### I. Brief Procedural History

    On October 15, 2010, the parties informed the Court that they had settled this litigation in principle. They moved for preliminary approval of a class settlement on December 28, 2010. The Court preliminarily approved the settlement on February 28, 2011. The Court held a fairness hearing on May 26, 2011.

    Currently pending in this case are motions requesting final certification of a settlement class; final approval of a proposed class settlement; approval of class counsel's application for a fee award; and approval of incentive payments to the class representatives.

### II. Pre-Motion Letter

    On July 14, 2011, non-parties Gelb and UPRS sought permission to move to intervene.

1

They contend that intervention is necessary to protect their interest in any attorneys fees paid to class counsel as part of the proposed settlement. The proposed intervenors contend that they financed some of class counsel's work on behalf of the class and otherwise assisted some of counsel's litigation efforts. They say that those payments and that assistance entitle them to some portion of any fee award that the Court might approve.

According to their letter, Gelb and UPRS seek to move to intervene "as of right or by permission" pursuant to Fed. R. Civ. P. 24(a)(2) and (b)(1)(B), but their arguments appear to be aimed principally at intervention as of right.

Both class counsel and the defendants oppose intervention. By letter dated July 18, 2011, class counsel asserts three arguments against intervention: (a) Gelb and UPRS waived any claim to a share of counsel's fees when they abandoned this case while the Court's September 7, 2007 order dismissing this case was on appeal to the Second Circuit; (b) Gelb and UPRS waived any claim to a share of counsel's fees when they did not assert a right to payment at the fairness hearing held on May 26, 2011; and (c) certain of the factual assertions supporting the claim to a share of counsel's fees are untrue.

In a letter dated July 20, 2011, the defendants argue that (a) any motion to intervene is untimely, as the Court directed any motion to intervene be filed by June 3, 2011; and (b) intervention is not necessary to protect the rights of Gelb and UPRS, as they can protect their right to any share of counsel's fees in a separate state court action.

## DISCUSSION

### I. General Law of Intervention

"In order to intervene as of right pursuant to Rule 24(a)(2), the applicant must: (1) file a timely motion; (2) show an interest in the litigation; (3) show that its interest may be impaired by

the disposition of the action; and (4) show that its interest is not adequately protected by the parties in the action." In re Holocaust Victim Assets Litig., 225 F.3d 191, 197 (2d Cir. 2000), citing Catanzano v. Wing, 103 F.3d 223, 232 (2d Cir. 1996). Denial of a motion to intervene is warranted if any of the four conditions are not satisfied. Butler, Fitzgerald & Potter v. Sequa Corp., 250 F.3d 171, 176 (2d Cir. 2001) ("A would-be intervenor's failure to meet all of these requirements justifies the denial of its motion.").

By the terms of Rule 24(b)(1), permissive intervention is appropriate upon "timely motion" where an individual or entity "has a claim or defense that shares with the main action a common question of law or fact." Rule 24(b)(3) provides that, in "exercising its discretion" to determine whether to permit intervention, "the court must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights."

The Second Circuit has said that "[s]ubstantially the same factors are considered in determining whether to grant an application for permissive intervention" pursuant to Fed. R. Civ. P. 24(b) as are considered in determining the propriety of intervention as of right. In re Bank of New York Derivative Litig., 320 F.3d 291, 300 n.5 (2d Cir. 2003).

**II. Timeliness**

The defendants assert that any motion to intervene would not be timely. They note that, at the May 26, 2011 fairness hearing, the Court ordered that any motion to intervene must be served by June 3, 2011, and that Gelb and UPRS did not move or otherwise contact the Court until July 14, 2011.

The proposed intervenors say that their motion is timely because it is based upon class counsel's contemporaneous billing records, and those records were disclosed only on May 30, 2011. No explanation is provided for why it took six weeks after disclosure of the records to

raise this issue.

"A district court has broad discretion in assessing the timeliness of a motion to intervene, which defies precise definition." In re Holocaust Victim Assets Litig., 225 F.3d at 194 (internal quotation marks omitted); see also D'Amato v. Deutsche Bank, 236 F.3d 78, 84 (2d Cir. 2001) ("determination of the timeliness of a motion to intervene is within the discretion of the district court, evaluated against the totality of the circumstances before the court" (internal quotation marks omitted)).

Relevant considerations include, among other things, "(1) how long the applicant had notice of the interest before it made the motion to intervene; (2) prejudice to existing parties resulting from any delay; (3) prejudice to the applicant if the motion is denied; and (4) any unusual circumstances militating for or against a finding of timeliness." United States v. Pitney Bowes, Inc., 25 F.3d 66, 70 (2d Cir. 1994).

Leave to move to intervene is denied as any motion to intervene would not be timely. At least two considerations counsel this result, and they are sufficient to sustain a finding of untimeliness.

The first consideration is the fact that the proposed intervenors had notice of their interest in class counsel's fee award for many months and failed without reason to move to intervene promptly, even though this litigation was coming to a close.

On October 12, 2010, counsel for the defendants docketed a letter in this case, stating that this litigation had been settled in principle. There is every reason to think, and no reason to doubt, that the proposed intervenors received that letter, as then-counsel for Gelb and UPRS was receiving electronic notice of all filings.

There is also every reason to think that the proposed intervenors should have realized at

4

that time that any settlement of this case would involve a fee award to class counsel for his efforts on behalf of the class.  If Gelb and UPRS harbored any doubts about that fact, the December 28, 2010 motion for preliminary approval of a class settlement should have clarified things.  The settlement agreement, attached to that motion, specifically contemplated a fee award, as it indicated that class counsel agreed not to seek more than $427,500 in fees and that the defendants agreed not to oppose any fee request not in excess of that amount.  (Agreement ¶ 6.2.)

Notwithstanding this notice, the proposed intervenors did not contact the Court regarding intervention until they filed a pre-motion letter on May 16, 2011, some seven months after the settlement was announced and some four months after the motion for preliminary approval was filed.  In that letter, Gelb and UPRS asserted four short arguments in support of intervention as plaintiffs, one of which arguably addressed the fact that they might have an interest in class counsel's compensation for work performed on behalf of the class.  Relevant here, they noted that they "performed virtually all, if not all, of the work of investigating the facts underlying this Action, assembling all the relevant documents, researching the legal and factual issues, identifying and developing the legal theories, and writing the complaints."

But the proposed intervenors still did not move to protect their supposed interest in a fee award.  At the fairness hearing, the Court directed that any motion should be filed by June 3, 2011.  The proposed intervenors failed to file a motion.  Not only did they not move, but they also did not request an extension of time in which to move or otherwise contact the Court for six weeks, even though the Court could at any point have approved the pending motions and closed this case.  So far as the Court is concerned, the motion to intervene, including for the purpose of asserting a claim to some portion of the fee award, is untimely.

When the proposed intervenors again wrote to the Court on July 14, 2011, they offered no persuasive reason for not having moved to intervene sooner. Relevant here, they did not (because they could not) allege that they had recently learned that counsel was seeking an award for work performed on behalf of the class. Nor did they acknowledge and defend their failure to move promptly after learning that class counsel would be seeking an award for its efforts on behalf of the class.

Instead, the proposed intervenors said that they had recently learned of their <u>interest in</u> the fee award that had previously been requested. They said they learned of this interest when they reviewed class counsel's billing records, which were submitted on May 30, 2011. Those records, according to the proposed intervenors, revealed for the first time that class counsel was seeking fees for work performed from 1997 to 2004 to "secure documents and information without which the Class's claims could not have been brought" and also for work "from early 2005 to late 2006 on behalf of all class members, which included the UPRS Parties at the time."

But this was not a revelation; it was always clear that counsel was seeking an award for the work described in the pre-motion letter. Indeed, in the papers filed in support of counsel's fee request, which were submitted on May 16, 2011, class counsel specifically identified as work justifying the long-anticipated fee request the same work identified in the proposed intervenors' pre-motion letter. (<u>See</u> Declaration of Norman A. Kaplan in Support of Counsel Fees and Incentive Award to Class Plaintiffs ¶¶ 13–15; Mem. in Supp. at 3–4.)

Contrary to the apparent position of the proposed intervenors, the records disclosed on May 30, 2011 did not identify new work for which compensation was sought. Rather, those records served only to substantiate the fee request that had been a matter of record for many months. Accordingly, the May 30, 2011 production does not excuse the delay.

Further arguing against finding intervention timely is the fact that the proposed intervenors will not be prejudiced by denial of leave to file their motion. As indicated, the interest that the proposed intervenors now assert in this litigation is in class counsel's fees, some portion of which they believe should flow to them so as to prevent class counsel from being unjustly enriched at their expense.

The proposed intervenors clearly can assert that unjust enrichment claim (and any other claim they might have) to those fees in state court. No judgment in this case will affect their right to recovery. The only issue that the Court must decide in this litigation with respect to the fee is whether class counsel's requested fee is reasonable, not whether class counsel must be required to share some of that reasonable fee with the proposed intervenors.

Relevant here, there is no reason to think that litigation over the proposed intervenors' claim to the fees before this Court would serve the proposed intervenors any better than litigation in state court. The Court notes in this regard that its involvement in this litigation has not provided it any comparative advantage in deciding in what ways the proposed intervenors may have assisted class counsel and whether that assistance entitles them to payment.

These reasons, too, counsel in favor of finding any motion to intervene untimely. See White v. United States, No. 03 Civ. 1823, 2006 WL 1722301, at *4 (D. Ariz. June 19, 2006) (law firm seeking to intervene in federal action to protect its interest in any fees paid to attorney representing firm's former client can enforce right to any fee in state court, so intervention is not appropriate); Laker Airways Ltd. v. Pan Am. World Airways, 109 F.R.D. 541 (D.D.C. 1985) (attorney seeking to intervene in federal action to protect interest in any fee awarded to former law firm as counsel in federal action can protect his interest in state court, so intervention is inappropriate); see also Horrigan v. Thompson, Nos. 99-3433, 99-3434, 2000 WL 1234346, at

7

*8 (6th Cir. Aug. 24, 2000) (law firm seeking to intervene in federal action to protect contractual interest in portion of damages paid to former client (plaintiff in federal action) can seek enforcement of contract in state court, so intervention is not appropriate).

In sum, the proposed intervenors have not suggested any persuasive reason to permit intervention at this late date.

### III. Impairment of Interest / Common Question of Law or Fact

For the same reasons that the Court finds that the proposed intervenors would suffer no prejudice from the denial of any motion to intervene, the Court also finds intervention by permission or as of right is not warranted even if the motion is timely.

That is, for the same reasons that they will not be prejudiced, the proposed intervenors are not "so situated that without intervention, disposition of the action may, as a practical matter, impair or impede [their] ability to protect [their] interest" such that intervention as of right is warranted. Mastercard Int'l, Inc. v. Visa Int'l Serv. Ass'n, Inc., 471 F.3d 377, 390 (2d Cir. 2006).

Similarly, for those same reasons, the proposed intervenors' claim to the fees does not "share[] with the main action a common question of law or fact," sufficient to support permissive intervention. Fed. R. Civ. P. 24(b)(1)(B).

Accordingly, leave to intervene is denied as futile for reasons apart from the timeliness of the proposed motion.

## CONCLUSION

Leave to move to intervene is denied as futile. The Clerk of Court is directed to terminate docket entry # 100.

SO ORDERED.

Dated: Brooklyn, New York
July 26, 2011

_____/s/_____
Carol Bagley Amon
United States District Judge